**COCLIN TOBACCO COMPANY,**
**Plaintiff,**

v.

**BRITISH AMERICAN TOBACCO COM-**
**PANY and Brown and Williamson To-**
**bacco Corporation, Defendants.**

United States District Court
S. D. New York.

Nov. 14, 1962.

Greenfield, Rothstein, Klein & Yarnell, New York City, for plaintiff, Louis G. Greenfield, New York City, of counsel.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant British American Tobacco Co.

DAWSON, District Judge.

This is a motion by defendant British American Tobacco Company to quash the return of service of summons

and to dismiss this action as against it on the ground that the court does not have personal jurisdiction over the defendant.

The complaint sets forth three causes of action. It alleges that Brown and Williamson Tobacco Corporation agreed to sell cigarettes to plaintiff for resale by plaintiff to the Government of Lebanon. In the first cause of action it alleges that Brown and Williamson breached this agreement. In the second cause of action it alleges that British American Tobacco Company induced the breach. In the third cause of action it alleges that the breach of contract by Brown and Williamson constituted a restraint of trade in violation of the antitrust laws. We are here concerned solely with the motion of the defendant British American Tobacco Company.

It appears that the service of the summons in this action was made in this district by delivering the summons and complaint to a Mr. Hurvitz at the office of Brown and Williamson Tobacco Corporation in New York City. The moving papers establish without contradiction that British American Tobacco Company is a British corporation whose main office is in London, England; that it maintains no office in the State of New York; that it is not listed in any telephone directory in the State of New York; that it is not authorized to do business in the State of New York. It also appears without contradiction that British American imports United States tobacco and United States cigarettes from the United States for distribution in other countries but no orders for tobacco or cigarettes are placed in New York State; no cigarettes manufactured by British American are sold in New York State by British American or by Brown and Williamson but only by independent wholesalers and contractors; and that none of the officers or directors of British American resides or is employed in New York State.

It appears that Brown and Williamson Tobacco Corporation is a wholly-owned subsidiary of British American Tobacco Company. Its principal office is in Louisville, Kentucky. It manufactures various brands of cigarettes. It has no manufacturing facilities in New York State, but does maintain a small branch sales office in New York State which is used for the sale of Brown and Williamson tobacco products in the United States.

Although Brown and Williamson is a wholly-owned subsidiary of British American Tobacco Company, it is alleged without contradiction that employees of Brown and Williamson in New York State devote their time solely to promoting the sale of Brown and Williamson tobacco products in New York and that they do not sell or promote products of British American Tobacco Company and do not participate in any way in the export of tobacco to British American or the purchase of American cigarettes or American tobacco by British American. Each of the corporations apparently has separate officers and directors and files separate tax returns. It is alleged that none of the income of Brown and Williamson in New York is derived from services performed for British American in New York and that Brown and Williamson does not act in any way as agent for British American in New York.

If the facts were to the contrary from those which appear in the moving papers, such facts easily could have been developed by deposition taken in opposition to the motion. No contrary facts have been brought out.

■ We have, therefore, a situation where British American Tobacco Company and Brown and Williamson are two separate corporations, each of which conducts its own business, maintains its own offices and has it own officers and directors. The only point of contact between the two of them is that British American owns all of the stock of Brown and Williamson. This alone is not sufficient to make Brown and Williamson an agent of British American Tobacco Company. There are situations where a wholly-owned subsidiary may be considered as merely a branch or an agency of the parent company. See Waldron v. British Petroleum Co., 149 F.Supp. 830 (S.D. N.Y.1957). However the fact of this

agency relationship must depend upon something more than a mere parent-subsidiary relationship. See Berkman v. Ann Lewis Shops, 142 F.Supp. 417 (S.D. N.Y.1956), aff'd, 246 F.2d 44 (2d Cir. 1957).

Under the circumstances, the presence in New York of Brown and Williamson, a wholly-owned subsidiary of British American Tobacco Company, may not be deemed the presence in this state of the parent company. The facts are not sufficient to show that British American is a resident or inhabitant of the State of New York or that it does business in the State of New York. Service on Brown and Williamson by serving an employee thereof, who was not employed by British American in any capacity, was not service on British American.

The motion to quash the return of service of summons on British American and to dismiss the action against it on the ground that the court does not have personal jurisdiction over it is granted. So ordered.